UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HICKS,                              :    CIVIL ACTION NO. 3:CV-05-1596
                                         :
       Petitioner                :    (Judge Nealon)
                                         :          **FILED**
v.                                       :       **SCRANTON**
                                         :
RONNIE HOLT, Warden                      :       OCT  ~~3~~ 2005
                                         :
       Respondent                :    PER _____
                                              DEPUTY CLERK

## **MEMORANDUM AND ORDER**

Presently before the court is a petition for writ of corpus filed pursuant to 28

U.S.C. § 2241 by Petitioner, Eric Hicks ("Hicks"), an inmate currently confined in

the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), Minersville,

Pennsylvania. Hicks challenges the validity of his conviction from the United

States District Court for the District of Columbia. Along with his petition, Hicks

filed an application to proceed in forma pauperis. Named as the sole respondent is

the Warden at FCI-Schuylkill.

**Background**

On March 2, 1994, following a jury trial in the United States District Court

for the District of Columbia, Hicks was found guilty of one count of conspiracy to

participate in racketeering narcotics, in violation of the Racketeer Influenced and

Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 (d); one count of conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b) and three separate counts of distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); (b)(1)(C), and 18 U.S.C. § 2.  See United States v. White, et al., Crim. Action No. 1:93-cr-0097-JR-2 (D. D.C. 1993).

On May 11, 1994, the District Court for the District of Columbia sentenced Hicks to concurrent life sentences on the RICO charge and the charge of conspiracy to distribute and possession with intent to distribute cocaine base; a concurrent 480 month term of incarceration for distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(iii) and 18 U.S.C. § 2, to run concurrently with Hick's concurrent 240 month sentences on the remaining two counts of distribution of cocaine base and aiding and abetting.  Id. Hicks' sentence is to be followed by five years supervised release and a mandatory special assessment.  Id.  Hicks filed a direct appeal from his conviction.  On June 27, 1997, the United States Court of Appeals for the District of Columbia affirmed Hicks' conviction.  See United States v. White, 116 F.3d 903 (D.C. Cir. 1997).

On November 2, 1998, Hicks filed a petition with the sentencing court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. See United States v. White, et al., Crim. Action No. 1:93-cr-0097-JR-2 (D. D.C. 1993). On November 6, 2000, the sentencing court denied Hicks' § 2255 motion. Id. Hicks appealed the sentencing court's denial of his § 2255 motion to the United States Court of Appeals for the District of Columbia. Id. By Order dated July 26, 2002, the Court of Appeals for the District of Columbia affirmed the District Court's denial of Hicks' § 2255 motion. United States v. Hicks, No. 01-2040 (D.C. Cir. July 26, 2002).

On August 8, 2005, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). He seeks relief on the basis of the following:

1.    Petitioner's right to confrontation was denied when the district court considered extrinsic information and imposed a "gag" order on petitioner's attorney which violated petitioner's right to counsel.

2.    Petitioner's right to confrontation was denied when the court refused to allow petitioner to confront jurors who alleged extra-judicial contact.

Id. For the reasons that follow, the Court will grant Petitioner's application to proceed in forma pauperis for the sole purpose of filing the action, and the petition for writ of habeas corpus will be dismissed, without prejudice, to Hicks' right, if any, to pursue a successive § 2255 motion in the sentencing court.

**II    Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Hicks clearly maintains that his federal conviction and sentence violates his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section

-4-

2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a

-5-

habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Hicks has not met this burden. Moreover, Hicks does not state that he has requested permission from the United States District Court of Appeals for the District of Columbia for leave to file a successive petition. There remains that possibility that Hicks would be granted permission by the District of Columbia Court of Appeals to file a successive § 2255 motion, if appropriate. Thus, the court will dismiss Hicks' petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner may seek

leave to file a second or successive § 2255 motion.      An appropriate order is

attached.


DATED: October  3 , 2005                    _____

                                            **United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HICKS,                              :   CIVIL ACTION NO. 3:CV-05-1596
                                         :
    Petitioner                    :   (Judge Nealon)
                                         :
    v.                            :
                                         :
RONNIE HOLT, Warden                      :
                                         :
    Respondent                    :

## ORDER

**NOW, THIS 3 DAY OF OCTOBER, 2005,** for the reasons set forth in

the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    Petitioner's application to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing the petition.

2.    The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

3.    The Clerk of Court shall **CLOSE** this case.

**United States District Judge**

-8-